**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **KYLISA YOUNG,**<br>**Plaintiff,** | ) | |
| **vs.** | ) | **Case No.** |
| **AMAZON, AMAZON.COM SERVICES LLC, and AMAZON, INC.**<br>**Defendant.** | ) | |

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, Kylisa Young, by and through her attorneys, CUNNINGHAM LOPEZ LLP, and in support of her Verified Complaint against Defendant Amazon.com Services LLC, states in support as follows:

## NATURE OF THE CASE

1. Plaintiff seeks redress and damages from Defendant for injuries she sustained as a result of violations of Title VII of the Civil Rights Act of 1964, the Illinois Human Rights Act (775 ILCS 5/) and common law.

2. Plaintiff exhausted her administrative remedies with the U.S. Equal Employment Opportunity Commission (EEOC), Charge Number 440-2025-09962, respectively.

3. On February 2, 2026, the U.S. Equal Employment Opportunity Commission (EEOC) issued a Notice of Opt Out against Defendants for the discrimination alleged herein.

4. Plaintiff's claims for discrimination are timely filed within 90 days of her receipt of the Notice of Opt Out.

## THE PARTIES

5. Plaintiff, Kylisa Young ("Plaintiff"), is an African American resident of the State of Illinois, County of Cook.

6. At all times relevant in this Complaint, Plaintiff was employed by Defendants at Amazon's fulfillment center located at 25810 S. Ridgeland Avenue, Suite 300, Monee, Illinois, commonly referred to as "ORD4."

7. Defendant AMAZON.COM SERVICES LLC is a limited liability company authorized to conduct business in Illinois. Defendant Amazon Services LLC owned, operated, controlled, managed, and maintained ORD4.

8. Defendant AMAZON is and at all times relevant to this complaint a national corporation with locations across the United States, including the location at ORD4. Defendant Amazon owned, operated, controlled, and maintained ORD4.

9. Defendant Amazon, Inc. is and at all times relevant to this complaint a national corporation with locations across the United States, including the location at ORD4. Defendant Amazon, Inc. owned, operated, controlled, and maintained ORD4.

10. At all times relevant to this Complaint, Defendants employed Plaintiff and exercised control over the workplace conditions at ORD4.

## JURISDICTION AND VENUE

11. Plaintiff Kylisa pursued her administrative remedies with the Equal Employment Opportunity Commission, Charge Number 440-2025-09962.

12. On February 2, 2026, the Equal Employment Opportunity Commission issued a Notice of Opt Out against Defendant for the discrimination alleged herein. See Exhibit A.

13. Pursuant to 775 ILCS 5/8-103(c), Plaintiff's claims against Defendants are timely filed within ninety (90) days of her receipt of the Notice of Opt Out.

14. Venue is further proper under 28 U.S.C. § 1391 as Defendants reside in this District and a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

**FACTS**

15. Defendants operate ORD4 as a make-on-demand fulfillment and printing facility for Amazon Books.

16. On or about July 18, 2025, Plaintiff was employed by Defendants at ORD4.

17. On or about July 18, 2025, while performing her assigned duties at ORD4, Plaintiff was required to process and encounter a book entitled *"The N-Word Over and Over Again: literally all it is."*

18. As of the filing of this complaint, the book remains available for purchase at the following link: https://www.amazon.com/dp/B0D6THQBQR?ref=cm_sw_r_ffobk_cso_cp_apan_dp_1C2C8VEYD78J274QZK02&ref_=cm_sw_r_ffobk_cso_cp_apan_dp_1C2C8VEYD78J274QZK02&social_share=cm_sw_r_ffobk_cso_cp_apan_dp_1C2C8VEYD78J274QZK02&bestFormat=true&titleSource=true

19. The book consisted of approximately fifty (50) pages containing repeated racial slurs directed toward African Americans.

20. The content of the book repeatedly displayed the racial epithet commonly referred to as the "N-word" dozens of times per page.

21. The content of each page of the book is as follows:

Nigga Nigga Nigga Nigga

Nigga Nigga Nigga Nigga

Nigga Nigga Nigga Nigga

Nigga Nigga Nigga Nigga

Nigga Nigga Nigga Nigga

Nigga Nigga Nigga Nigga

Nigga Nigga Nigga Nigga

Nigga Nigga Nigga Nigga

Nigga Nigga Nigga Nigga

Nigga Nigga Nigga Nigga

Nigga Nigga Nigga Nigga

Nigga Nigga Nigga Nigga

Nigga Nigga Nigga Nigga

Nigga Nigga Nigga Nigga

Nigga Nigga Nigga Nigga

22. Amazon printed and distributed said book through its make-on-demand operations and placed the book directly into the workflow of employees, including African American employees such as Plaintiff.

23. Upon first encountering the book, Plaintiff became shocked, humiliated, emotionally distressed, and offended by the overtly racist material.

24. Plaintiff immediately attempted to report the incident to Human Resources; however, no Human Resources representative was available at that time.

25. Plaintiff thereafter reported the incident to the manager on duty and informed management that the book created a racially hostile and offensive work environment.

26. Despite Plaintiff's complaint, Defendants failed to remove the material from the workplace or otherwise take immediate corrective action.

27. Upon information and belief, the book remained in active production and continued to be printed and processed at ORD4 after Plaintiff's complaints.

28. The book continues to be offered for sale through Amazon's online marketplace despite Amazon's own policies prohibiting:

a. hate speech;

b. products promoting intolerance based on race; and

c. racially derogatory language.

29. Defendants knew or reasonably should have known that requiring African American employees to repeatedly process overtly racist material containing racial slurs created a hostile and abusive work environment.

30. Defendants failed to take prompt and appropriate remedial action despite receiving actual notice of the discriminatory and hostile conduct.

31. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, humiliation, embarrassment, anxiety, psychological trauma, and other damages.

32. Plaintiff has also suffered loss of enjoyment of life, lost wages and earnings, and incurred medical and therapeutic expenses.

## COUNT I
## Title VII of the Civil Rights Act of 1964

33. Plaintiff re-alleges and incorporates paragraphs 1-32.

34. Plaintiff is a member of a protected class based upon her race.

35. Defendant subjected Plaintiff to unwelcome harassment based upon race.

36. The racial harassment was severe and pervasive, including requiring Plaintiff to repeatedly encounter printed material consisting entirely of racial slurs directed toward African Americans.

37. Defendant knew or should have known of the racially hostile work environment after Plaintiff reported the conduct.

38. Defendant failed to take immediate and appropriate corrective action.

39. Defendants' conduct created an intimidating, hostile, offensive, and abusive work environment in violation of Title VII of the Civil Rights Act of 1964.

40. Defendant acted intentionally, recklessly, and/or with conscious disregard for Plaintiff's federally protected rights.

41. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered damages including emotional distress, humiliation, mental anguish, lost income, and other compensatory damages.

**COUNT II**
**Illinois Human Rights Act (775 ILCS 5/)**

42. Plaintiff re-alleges and incorporates paragraphs 1-32.

43. Defendant subjected Plaintiff to discrimination and harassment based upon race in the terms, conditions, and privileges of employment.

44. Defendant created and/or permitted a racially hostile work environment to exist at ORD4.

45. Defendant failed to take reasonable corrective measures after receiving notice of the discriminatory conduct.

46. Defendants' conduct violated the Illinois Human Rights Act, including prohibitions against race discrimination and workplace harassment.

47. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages including emotional distress, humiliation, loss of normal life, lost wages, and medical expenses.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff re-alleges and incorporates paragraphs 1-32.

49. At all times relevant, Defendants had a duty to avoid intentionally and recklessly causing emotional injury and/or emotional distress to Plaintiff.

50. Despite said duty, Defendants' conduct in requiring African American employees including Plaintiff to repeatedly process and encounter material containing racial slurs was extreme and outrageous.

51. Defendant knew there was a high probability that their conduct would cause severe emotional distress to Plaintiff.

52. Despite Plaintiff's complaints and notice to management, Defendant consciously disregarded Plaintiff's rights and failed to take corrective action.

53. Defendants' conduct caused Plaintiff severe emotional distress, humiliation, anxiety, mental suffering, and psychological trauma.

54. Defendant acted willfully, wantonly, maliciously, and with reckless indifference to Plaintiff's rights.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

55. Plaintiff realleges and incorporates paragraphs 1-32.

56. Defendants owed a duty to Plaintiff to provide a safe and secure workplace environment for its employees.

57. Defendants breached their duty by allowing its employees, including Plaintiff, to encounter a book while in the performance of their job duties, with nothing but a racial epithet and slur.

58. No agent, servant, or employee of Defendants undertook appropriate measures to ensure that their african american employees, including Plaintiff, did not encounter the vile and hateful book.

59. Defendants knew, or should have known, its african american employees would encounter that book in the normal course of employment.

60. As a direct and proximate result of the foregoing, Plaintiff suffered severe emotional distress, humiliation, anxiety, mental suffering, and psychological trauma.

## COUNT V
## NEGLIGENCE

61. Plaintiff realleges and incorporates paragraphs 1-32.

62. Defendants knew or should have known that allowing the aforementioned book to be for sale on its website, and further sent to ORD4 for printing, would require its african american employees to encounter the book and its racial epithet and slur in the normal course of their employment and job duties.

63. Defendants had a duty to provide a safe and secure environment for its employees, including Plaintiff.

64. Defendants had a duty to comply with federal and state laws, including Title VII and the Illinois Human Rights Act.

65. Defendants failure to enforce its express policies, rules, and regulations with respect to hate speech, products promoting intolerance based on race, and racially derogatory language, was a willful and wanton disregard of the law and their own policies.

66. Defendants were negligent in one or more of the following ways:

A. allowed the sale of the aforementioned book to be sold on its platforms and subsequently reproduced for printing at ORD4;

B. failed to prevent the sale of the aforementioned book to be sold on its platforms and subsequently reproduced for printing at ORD4;

C. failed to direct, instruct, supervise, monitor, and train its agents and/or employees to ensure the book was not reproduced at ORD4;

D. failed to direct, instruct, supervise, monitor, and train its agents and/or employees to ensure proper response to employee complaints; and

E. failed to ensure its african american employees did not encounter the book during the course of their employment and normal job duties.

67. Defendants conduct herein was willful and wanton with complete disregard to Plaintiff.

68. As a result of Defendants conduct, Plaintiff suffered damages, including lost wages, lost benefits, loss of future earnings and earning capacity, emotional distress, humiliation, inconvenience, including negative impact to her academic career, and other non-economic harms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendants and award Plaintiff compensatory and punitive damages, lost wages, payment

payment of interest on all lost wages recoverable, reasonable attorneys fees and costs, and any and all such relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

/s/ Zachary Reynolds
Zachary Reynolds

Zachary Reynolds
Cunningham Lopez LLP
120 W Madison, Suite 611
Chicago, Illinois 60602
312-419-9611
zr@cunninghamlopez.com
Attorney No. 61027

**VERIFICATION BY CERTIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in the foregoing instrument are true and correct, except as to matters therein stated to be on information and belief and, as to such matters, the undersigned certifies as aforesaid that I verily believe the same to be true.

ID sH6uUBUoGZzNpR8XEy63jAKd

**Kylisa Young**

**CUNNINGHAM LOPEZ LLP**
*Attorneys for Plaintiff*
120 W. Madison St., Ste. 611
Chicago, IL 60602
P: (312) 419-9611
F: (312) 546-7703
zr@cunninghamlopez.com
Attorney No. 61027

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **sH6uUBUoGZzNpR8XEy63jAKd** |
| Signed by: | Kylisa Young |
| Sent to email: | kylisayoung@yahoo.com |
| IP Address: | 162.217.186.213 |
| Signed at: | May 1 2026, 4:21 pm CDT |